Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Classes*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARGARETTE DUVERGER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HRBC, INC.**, D/B/A VAN PATTEN MORTGAGE GROUP, a California corporation,<br><br>*Defendants,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Margarette Duverger ("Plaintiff" or "Plaintiff Duverger") brings this Class Action Complaint and Demand for Jury Trial against Defendant HRBC, Inc. doing business as Van Patten Mortgage Group ("Defendant" or "VPMG"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited calls to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Duverger is a Miramar, Florida resident.

2. Defendant VPMG is a California corporation headquartered in El Dorado, California. VPMG conducts business throughout this District, California, and the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides and conducts business in California, including in this District, and the wrongful conduct leading to this case was directed by Defendant to the Plaintiff from this District in connection with the business Defendant conducts here.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in October 2021 alone, at a rate of 133.2 million calls per day. www.robocallindex.com. (Last checked November 30, 2021).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

*and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

### COMMON ALLEGATIONS

16. Defendant VPMG sells loans and mortgage plans to consumers.[3]

17. Defendant VPMG makes telemarketing calls to consumers in order to solicit its mortgage products.

18. Defendant VPMG makes telemarketing calls, including calls using pre-recorded voice messages, to residential telephone consumers whose numbers are registered on the Do Not Call registry, who have never provided their phone number to Defendant, and who never consented to receive phone calls from the Defendant.

19. For example, Plaintiff Duverger received a pre-recorded voicemail from Defendant VPMG despite never having given her phone number to the Defendant, despite having her phone number registered on the DNC to prevent such cold calls.

20. There are numerous complaints posted online from consumers who received multiple unsolicited telephonic sales calls from Defendant VPMG, including allegations of calls that were pre-recorded, for instance:

- "This business keeps calling me with false robo-calls stating that I have defaulted on my home loan with Bank of America, and they want to help me refinance my house. I do not have a home loan with BOA and I am not in default. I have filed complaints with the FTC and my phone carrier to block the calls, but then they call from another number. I do not want this business to call me for any reason whatsoever. LEAVE ME ALONE!"[4]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/ the-van-patten-mortgage-group/about/
[4] https://www.google.com/search?q=van+patten+mortgage+group#lrd=0x809adfd25a468e0d:0xbf7afe3c06941b52,1,,,

- "I actually would rate this company as -10. Their behavior borders on criminal. One star is one too many. I receive spam phone calls from them incessantly. I have blocked the number, yet still get non stop voicemails. I finally called them back asking to be placed on the no call list, which evidently only made them call more often. Every time I call to tell them to stop, they call more. I receive texts from them, reply STOP, and they just keep coming. Reporting them to authorities next time they call - in other words, tomorrow."[5]

- "will not stop calling me after I have repeatedly requested to be removed from the list. Major violations by this company and its ridiculous they will not comply with consumers requests to stop calling"[6]

- "Will not stop calling you."[7]

- "These people robo called my mobile phone persistently. They must have called me ***** times over the past month. Sometimes several times a day. Even though I've blocked them, I still have to deal with their stupid a robo voicemail talking about servicing my **** of America loan. My phone number is on the National Do Not Call list. Obviously, they don't care about FTC regulation and more than happy to spam call anybody aggressively. I wouldn't want to deal with these people even if I do have a need for mortgage loans." [8]

- "Called me claiming to be able to refinance an fha loan on my house. Except I don't have one of those and the caller ID said scam likely."[9]

- "FHA mortgage scam. VM transcript below. Yeah, hi. This call is regarding servicing on your FHA loan. We wanted to discuss some options with you. As far as the streamlined removal of your mortgage insurance. If you could give us a call back at +916-876-210-7916 for 76217. Anyone in that department can help you just a couple of quick questions. It's a relatively easy process. All right. Thank you. Bye."[10]

- "Left vm saying they want to remove the mortgage insurance from my FHA loan. Don't even have that. Scam!"[11]

- "insurance scam, I don't even have that kind of insurance and no interest, especially from someone who calls me from out of the blue."[12]

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] https://www.bbb.org/us/ca/el-dorado-hills/profile/mortgage-broker/the-van-patten-mortgage-group-1156-90063223/customer-reviews.
[9] https://800notes.com/Phone.aspx/1-321-212-7852
[10] *Id.*
[11] *Id.*
[12] https://www.shouldianswer.com/phone-number/3212127852

CLASS ACTION COMPLAINT
-5-

- "Left a message talking about insurance that I don't have. (Telemarketer)" [13]

- "Claimed to be able to remove FHA mortgage Insurance on a loan that doesn't exist, do not share any information with them." [14]

- "I don't have mortgage insurance and would NEVER trust a scam caller anyways. Blocked." [15]

- "Same experience here. I did call them back once and told them that I have never had a FHA loan and to take me off their list. That was a waste of time. They are still calling months later." [16]

- "Calling about eliminating mortgage insurance, leaves no name and does not identify company they are calling from. Sounds pretty scammy to me." [17]

21. In addition, other consumers have posted pre-recorded voice messages they received from Defendant VPMG which are very similar to the pre-recorded voicemail received by Plaintiff Duverger:



[18]

---

[13] *Id.*
[14] *Id.*
[15] https://findwhocallsyou.com/3212127852?CallerInfo
[16] *Id.*
[17] *Id.*
[18] https://www.nomorobo.com/lookup/321-212-7852

> **Voicemail 1:** If you would not like to speak with one of our agents press two now. If you would like to speak with one of our agents regarding options please press one and we'll transfer you to a live operator.
>
> **Voicemail 2:** Hi, yeah. Hi, we're calling regarding the servicing on the R F it mortgage, it appears that you are eligible to remove the mortgage insurance and we wanted to discuss a few options with you and explain the process if you could give us a call back at 91629963479162996347 any of the operators can look you up by your name. Okay. Thank you bye.
>
> **Voicemail 3:** It's called yeah. Hi, this call is regarding servicing on your F H a L L we wanted to discuss some options with you as far as the streamline removal of your mortgage insurance. If you could give us a call back at 91647621079164762107 1 and not department can help you just a couple of quick questions and to relatively easy process. Alright. Thank you bye.

[19]

22. Neither the Plaintiff nor any other members of the proposed classes ever provided Defendant and/or their agents with prior express written consent to receive the telephone calls at issue.

23. Defendant calls consumers using automated systems for the selection or dialing or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.

24. In response to these unsolicited calls, Plaintiff Duverger files this lawsuit seeking monetary and injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

---

[19] https://directory.youmail.com/directory/phone/3212127852
CLASS ACTION COMPLAINT
-7-

**PLAINTIFF DUVERGER'S ALLEGATIONS**

25.  Plaintiff Duverger registered her cell phone number on the DNC on October 10, 2006.

26.  Plaintiff Duverger uses her phone number for personal use only.

27.  On September 23, 2021, at 1:31 PM Plaintiff Duverger received a call to her cell phone from the phone number 321-212-7852 which she did not answer:



28.  The caller left a pre-recorded voicemail to her cell phone which said:

"… a mortgage. It appears that you are eligible to remove the mortgage insurance and we wanted to discuss the options with you and the next steps. If you would not like to speak with one of our agents, press 2, now. If you would like to speak with one of our agents regarding options, please press one and will transfer you to a live operator."

29.  The Plaintiff believes the voice message was pre-recorded because of its generic nature, and because the recording started in the middle of a sentence, and there was a long silence at the end of the above message.

30.  On calling the phone number 321-212-7852, it is answered by a similar pre-recorded voice message as the one received by the Plaintiff. On pressing 1, the call either reaches

the Defendant's voicemail, or it is answered by one of Defendant's employees.

31.     Plaintiff Duverger received unsolicited telephonic sales call placed using an automated system to send a pre-recorded voice message to her cell phone from Defendant VPMG, without having given her consent to receive any calls from the Defendant.

32.     The unauthorized telephonic sales call that Plaintiff received from and/or on behalf of the Defendant, as alleged herein, has harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to wear and tear of the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33.     Seeking redress for these injuries, Plaintiff Duverger, on behalf of herself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls to phone numbers that are registered on the DNC.

**CLASS ACTION ALLEGATIONS**

34.     Plaintiff Duverger brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained consent to call the person or the person's number in the same manner as Defendant claims it supposedly obtained consent to call Plaintiff or Plaintiff's number.
>
> **Autodial Class:** All persons in the United States, who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.
>
> **Unidentified Sales Call Class:** All persons in the U.S., who (1) received an unsolicited telephonic sales call from the Defendant, (2) in which they failed to identify the name of the business on whose behalf the solicitation call was placed.

35. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Duverger anticipates the need to amend the Class definitions following appropriate discovery.

36. **Typicality and Numerosity**: Plaintiff is a member of the Classes, and on information and belief, there are hundreds, if not thousands of members of the Classes, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether the Defendant or an agent calling on behalf of Defendant placed calls using a pre-recorded voice message to the Plaintiff and other consumers without any prior express written consent from such consumers;

(c) whether the Defendant or an agent calling on behalf of the Defendant violated the FTSA;

(d)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

38.     **Adequate Representation**: Plaintiff Duverger will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Duverger has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Duverger and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Duverger nor her counsel have any interest adverse to the Classes.

39.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff Duverger. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Duverger and the Pre-recorded No Consent Class)**

40. Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference herein.

41. Defendant VPMG placed unwanted solicitation telephone calls to Plaintiff Duverger and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

42. These pre-recorded voice calls were made *en masse* without the prior express written consent of Plaintiff Duverger and the other members of the Pre-recorded No Consent Class.

43. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Duverger and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

**SECOND CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Duverger and the Autodial Class)**

44. Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference herein.

45. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant.

46. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers

or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

47. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

48. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

49. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

50. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

51. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**THIRD CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Duverger and the Unidentified Sales Call Class)**

52. Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference herein.

53. Plaintiff brings this claim individually and on behalf of the Unidentified Sales Call Class Members against Defendant.

54. The FTSA requires "any telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number" to mandatorily "identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation." Fla. Stat. § 501.059(2)

55. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

56. In violation of the FTSA, Defendant failed to identify the name of the telephone solicitor or the business on whose behalf those unsolicited telephonic sales calls were made and/or caused to be made to Plaintiff Fox, and other members of the Florida Unidentified Sales Calls Class.

57. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Duverger individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes, as defined above; appointing Plaintiff Duverger as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Duverger requests a jury trial.

Respectfully Submitted,

**MARGARETTE DUVERGER**, individually and on behalf of those similarly situated individuals

DATED this 9th day of December, 2021.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*